UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YOLANDA BUTLER,

      Plaintiff,

v.                                                     Case No: 6:24-cv-2324-JSS-NWH

DASSAULT SYSTEMES AMERICAS
CORP.,

      Defendant.

_____/

## ORDER

Defendant moves to dismiss the amended complaint for failure to state a claim. (Dkt. 18.)  Plaintiff opposes the motion.  (Dkt. 19.)  Upon consideration, for the reasons outlined below, the motion is granted in part and denied in part.

## BACKGROUND[1]

Plaintiff is an African American woman with twenty-five years of leadership experience in the technology industry.  (Dkt. 12 ¶¶ 6, 8–9.)  In March 2011, Defendant hired Plaintiff, and her pay grade was classified as a career level grading (CLG) of 400.  (*Id.* ¶ 10.)  Beginning in 2018, Plaintiff repeatedly discussed her interest in a promotion with her direct supervisor.  (*Id.* ¶ 12.)  In February 2019, Plaintiff was promoted to senior department manager for Defendant's American division.  (*Id.* ¶ 13.)  In that

---

[1] The court accepts the well-pleaded, non-conclusory factual allegations in Plaintiff's amended complaint (Dkt. 12) as true and construes them in the light most favorable to Plaintiff.  *See Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).

role, she developed a program to train employees in bid management. (*Id.*) Plaintiff provided bid management training to employees in France, including Catherine Gayet. (*Id.* ¶¶ 14, 17.)

Plaintiff informed Defendant's managers of her interest in the worldwide bid manager position, but she was not selected to interview for the role. (*Id.* ¶¶ 17, 23–24.) In January 2022, Defendant announced that Ms. Gayet was promoted to the position. (*Id.* ¶ 17.) Following the announcement, Plaintiff complained to a senior manager/vice president about alleged unfair and biased treatment in the promotion process. (*Id.* ¶¶ 20, 50.) After complaining, Plaintiff claims she was assigned to a cybersecurity officer position, which she contends is constructively a demotion. (*Id.* ¶¶ 20, 51.)

Additionally, Plaintiff alleges that despite her qualifications and exemplary performance, she received inaccurate and low performance evaluations. (*Id.* ¶ 28.) Her annual evaluations affected whether she would be promoted to the next pay grade level, CLG 500. (*Id.*) According to Plaintiff, she was not promoted to level CLG 500 until after she complained and filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). (*Id.* ¶ 43.)

Plaintiff asserts the following causes of action under the Florida Civil Rights Act (FCRA), Fla. Stat. §§ 760.01-11:[2] failure to promote her to worldwide bid manager based on race and national origin (counts one and three), unfair performance evaluation and pay based on race and national origin (counts two and four), failure to promote from pay grade level CLG 400 to CLG 500 based on race and national origin (counts five and six), and retaliation (count seven).  (Dkt. 12 ¶¶ 21–51.)  Defendant moves to dismiss all counts.  (Dkt. 18.)

## APPLICABLE STANDARDS

Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint.  *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023).  The court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff."  *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "[D]etailed

---

[2] The amended complaint brings claims under chapter 760 of the Florida Statutes without specifying which part of the chapter forms the basis of Plaintiff's claims, (Dkt. 12 at 1). Defendant assumes that the amended complaint refers to the FCRA, (Dkt. 18 at 2 n. 2), and Plaintiff seems to equate chapter 760 with the FCRA, (Dkt. 19 at 4 n. 1). Accordingly, the court construes Plaintiff's claims as arising under the FCRA.

factual allegations" are generally not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## ANALYSIS

The FCRA prohibits discrimination against any person with respect to "compensation, terms, conditions, or privileges of employment, because of race, color, . . . [or] national origin." Fla. Stat. § 760.10(1)(a). "[D]ecisions construing Title VII are applicable when considering claims under the FCRA, because the FCRA was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Further, discrimination claims under Title VII and the FCRA are analyzed under the same framework. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 n.6 (11th Cir. 2015). "Like Title VII, chapter 760 is remedial and requires a liberal construction to preserve and promote access to the remedy intended by the Legislature." *Joshua v. City of Gainesville*, 768 So. 2d 432, 435 (Fla. 2000). The court discusses Plaintiff's claims in turn.

### A. Counts One and Three

In counts one and three, Plaintiff asserts that Defendant discriminated against her based on her race and national origin by promoting Ms. Gayet, a white woman, to the worldwide bid manager position. (Dkt. 12 ¶¶ 21–25, 30–36.) Defendant argues that these counts should be dismissed because Plaintiff failed to allege facts about the comparator's prior experience or the requirements for the position, provided unsupported conclusions that the comparator was less qualified, and failed to allege

facts supporting that Plaintiff had more relevant experience within the company. (Dkt. 18 at 11–14.)    As a result, Defendant argues, the court cannot reasonably infer intentional discrimination. (*Id.* at 13.)

Plaintiff has provided ample factual allegations to support her claim, and more extensive details about the comparator's prior experience or the requirements for the position are not necessary at the motion to dismiss stage. *See Ambus v. Autozoners, LLC*, 938 F. Supp. 2d 1225, 1235 (M.D. Ala. 2013) ("As to the failure to promote claims, [the defendant] argues [the plaintiff] has only alleged that he had more recent experience than [the] comparators . . . . At this point in the proceedings, however, the duties of the job have not been established with evidence, so [the] . . . allegation that the plaintiff had more recent experience is sufficient."). Plaintiff sufficiently alleges she has 25 years of leadership experience in the technology industry and trained the person selected for the position. (Dkt. 12 ¶ 9, 14.) Moreover, Plaintiff alleges that she was more qualified for the position, but the comparator received the position nonetheless. (*Id.* ¶ 20.) The court accepts these allegations as true. *See Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1291 (11th Cir. 2007).

Defendant maintains that even if Plaintiff plausibly alleges sufficient facts to infer intentional discrimination, the court cannot reasonably infer intentional discrimination because businesses have "wide latitude to exercise their business judgment, including in deciding whether and which of its employees to elevate." (Dkt. 18 at 12.) In support of this proposition, Defendant cites *Denney v. City of Albany*, in which the Eleventh Circuit affirmed the district court's grant of summary judgment

when the plaintiff failed to introduce sufficient evidence of discriminatory intent. 247

F.3d 1172, 1177 (11th Cir. 2001). By arguing a non-discriminatory basis for the failure

to promote, Defendant correctly identifies the standard appropriate at summary

judgment. *See Tex. Dept. of Cmty. Aff. v. Burdine*, 450 U.S. 248, 254 (1981) ("The burden

that shifts to the defendant . . . is to rebut the presumption of discrimination by

producing evidence that the plaintiff was rejected, or someone else was preferred, for

a legitimate, nondiscriminatory reason."). However, at the motion to dismiss stage,

Plaintiff need only "plead[] factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

678 (citing *Twombly*, 550 U.S. at 556.)

Defendant also appears to ask the court to give weight to Plaintiff's omissions of

"oral or written statements by Defendant or its employees suggesting discrimination,"

and of allegations that "Defendant promotes white or non-U.S. citizen employees in

disproportionate numbers, relative to its work force." (Dkt. 18 at 13.) However,

Plaintiff's discrimination claims satisfy the plausibility standard even considering these

omissions. *Iqbal*, 556 U.S. at 678. Plaintiff "need not prove [her] case on the pleadings

– [her] amended complaint must merely provide enough factual material to raise a

reasonable inference, and thus a plausible claim, that" Defendant intentionally

discriminated against her. *See Speaker v. United States Dep't of Health and Hum. Servs. for*

*Disease Control and Prevention*, 623 F.3d 1371, 1386 (11th Cir. 2010)*; see also Howard v.*

*Bayrock Mortg. Corp.*, No. 09-0820-WS-M, 2010 WL 4628120, at *3 (S.D. Ala. Nov. 4,

2010) ("[P]laintiffs need not support . . . facts with secondary facts, tertiary facts, ad infinitum . . . to satisfy [the plausibility standard.").

Plaintiff alleges that she is African American and was born in and lives in the United States. (*Id.* ¶¶ 22, 31.) She was allegedly "abundantly qualified" for the worldwide bid manager position. (*Id.* ¶ 23.) Despite her qualifications, her request to interview for the position was rejected. (*Id.* ¶ 17.) The person chosen for the position was white and a French national, and Plaintiff allegedly was more qualified than the person selected because she trained her. (*Id.* ¶ 24.) Presuming these factual allegations to be true, the court can reasonably infer intentional discrimination based on race and national origin. Therefore, the motion is denied as to counts one and three.

## B. Counts Two, Four, Five, and Six

In counts two and four, Plaintiff alleges that she received an unfair annual performance evaluation due to race and national origin discrimination, which led to an annual pay raise that was not commensurate with her contributions. (Dkt. 12 ¶¶ 26–29, 37–40.) In counts five and six, Plaintiff alleges that she was not promoted from pay grade level CLG 400 to CLG 500 when she became eligible due to race and national origin discrimination. (Dkt. 12 ¶¶ 41–48.)

Defendant asserts that Plaintiff's "general pronouncements about 'Non-African American' employees [and] 'her [w]hite colleagues,' getting larger annual raises or getting better promotions or 'accurate annual performance evaluations' while supposedly adding less value," cannot support a reasonable inference of intentional discrimination. (Dkt. 18 at 11–12.) Plaintiff does not directly address this assertion

but cites *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012), to suggest

that detailed facts are not required at the pleading stage.  (Dkt. 18 at 8–9.)  The court

agrees with Defendant as to these claims.

A claim is plausible on its face where the alleged facts are "more than merely

possible," not "merely consistent with a defendant's liability."  *Chaparro*, 693 F.3d at

1337 (cleaned up).  Although the court "must take all the factual allegations in the

complaint as true, [it is] not bound to accept as true a legal conclusion couched as a

factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  An allegation is not a

legal conclusion when it includes "descriptions of specific, discrete facts."  *Watts v.

Ford Motor Co.*, 519 F. App'x 584, 587 (11th Cir. 2013) (quoting *Feliciano v. City of

Miami Beach*, 707 F.3d 1244, 1253 (11th Cir. 2013)).  Plaintiff's allegations that other

non-African American employees were treated more favorably for pay raises and

promotions are conclusory because they are not supported by specific, discrete facts.

*See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (finding

plaintiffs' pleading that they were "denied promotions and treated differently [from]

similarly situated white employees solely because of race," as a "statement [that]

epitomizes speculation and therefore does not amount to a short and plain statement

of their claim." (alterations adopted)); *Arafat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x

872, 874 (11th Cir. 2013) (affirming a motion to dismiss when the plaintiff "generically

referenced younger males" but did not identify comparators for her claims of

discrimination based on race, national origin, and religion); *Farrukh v. Univ. of S. Fla.

Bd of Tr.*, No. 21-13345, 2022 WL 3973703, at *3 (11th Cir. Sept. 1, 2022) (finding in

a Title VI case that "allegations that [the defendant's] employees treated [the p]laintiff less favorably than they treated" students outside his national origin were conclusory because the plaintiff "identifie[d] no student who was treated more favorably than [the p]laintiff under comparable circumstances.")

In the amended complaint, Plaintiff generally alleges that "her employer treated similarly situated employees outside her class more favorably." *Crawford v. Carroll,* 529 F.3d 961, 970 (11th Cir. 2008).  Instead of specific allegations identifying similarly situated employees, Plaintiff relies upon broad generalities.  (Dkt. 12 ¶¶ 40, 44.)  These allegations constitute the sort of recitals that *Twombly* and *Iqbal* prohibit.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555; *Uppal v. Hosp. Corp. of Am.*, 394, 398 F. App'x at 396 (11th Cir. 2012) (affirming dismissal where the plaintiff failed to recite "even a brief description of how the alleged comparator employees were outside of her protected class").  The categories of employees Plaintiff identifies as "non-African American" and "qualified to be promoted" are too broad to suggest a factual basis for potential comparators.  *Cf. Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022) ("[O]rdinarily a similarly situated comparator and the plaintiff will: have engaged in the same basic conduct or misconduct, be subject to the same employment policies, have the same supervisor(s), and share an employment or disciplinary history.").  Accordingly, the court need not consider these allegations when drawing a reasonable inference of intentional discrimination.  *See Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Plaintiff's allegations, taken as true, without more, fail to "nudge[] [her]

claims across the line from conceivable to plausible." *See Twombly*, 556 U.S. at 570;

*Compare McManus v. Amerijet Int'l, Inc.*, No.23-13554, 2024 WL 4003391, at\*4 (11th

Cir. Aug. 30, 2024) (vacating dismissal of the pro se plaintiff's discrimination claims

where the plaintiff alleged she shared responsibilities with three other managers, who

were outside of her protected classes, but was the only manager terminated for a failure

in shared responsibilities), *with Uppal*, 482 F. App'x at 396 (affirming dismissal of

plaintiff's discrimination claims finding the repeated allegation that similarly situated

employees outside the plaintiff's protected classes were treated better was merely the

recital of an element). Accordingly, the motion is granted as to counts two, four, five,

and six.

### C. Retaliation (Count Seven)

To plead retaliation under the FCRA, a "plaintiff must show that (1) [she] engaged

in statutorily protected expression, (2) [she] suffered an adverse employment action,

and (3) there is some causal relation between the two events." *Pennington v. City of*

*Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (quotation omitted); *see also Buade v.*

*Terrea Group, LLC*, 259 So. 3d 219, 222 (Fla. Dist. Ct. App. 2018). Before filing a

FCRA action, however, a plaintiff must exhaust her administrative remedies by filing

a charge of discrimination with the Florida Commission on Human Relations

(FCHR). *See Jones v. Bank of Am.*, 985 F. Supp. 2d 1320, 1325 (M.D. Fla. 2013). Thus,

a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation,

which can reasonably be expected to grow out of the charge of discrimination."

*Hillemann v. Univ. of Cent. Fla.*, 167 F. App'x 747, 749 (11th Cir. 2006) (quoting *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004)). While courts will "allow judicial claims that 'amplify, clarify, or more clearly focus' the EEOC complaint allegations," unexhausted claims raising allegations of new acts of discrimination in the judicial action are procedurally barred. *Hillemann*, 167 F. App'x at 749.

Defendant contends that Plaintiff's failure to include her alleged constructive demotion to cybersecurity officer in her EEOC charge requires dismissal for non-exhaustion. (Dkt. 18 at 15.) Plaintiff responds that her retaliation claim was reasonably related to her EEOC charge and, as a result, dismissal is unwarranted.[3] (Dkt. 19 at 11.)

---

[3] Plaintiff also contends that the court cannot consider her EEOC charge in ruling on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) without converting it to a motion for summary judgment. The "court may properly consider a document not referred to or attached to a complaint . . . if the document is (1) central to the plaintiff's claims[] and (2) undisputed, meaning that its authenticity is not challenged." *Johnson v. City of Atlanta* 107 F.4th 1292, 1300 (11th Cir. 2024). A document is central to a plaintiff's claims, "when it is 'a necessary part of [the plaintiff's] effort to make out a claim.'" *Kalpakchian v. Bank of Am. Corp.*, 832 F. App'x 579, 583 (11th Cir. 2020) (quoting *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)). Plaintiff's charge is central to Plaintiff's argument that her retaliation claim is "reasonably related" to and not "materially" different from her charge. *See Wu*, 863 F.2d at 1547; *Croley v. United Airlines, Inc.*, No. 1:17-CV-4722-ELR-JFK, 2018 WL 11486862, at n. 1 at *1 (N.D. Ga. Apr. 24, 2018) ("Report and recommendation noting that [the p]laintiff's EEOC documents are properly considered in evaluating the instant motion particularly given the administrative exhaustion issue."); *Issac v. Argos U.S.A. LLC*, No. 1:18-cv-05242-WMR-LTW, 2019 WL 13276691, at *5 (N.D. Ga. Aug. 19, 2019) ("Courts in the Eleventh Circuit regularly consider EEOC documents attached to a motion to dismiss in employment discrimination cases either because they are central and undisputed or under the public records exception." (collecting cases)). Additionally, neither party disputes the authenticity of the EEOC charge. (Dkt. 18 at 14–15, Dkt. 19 at 9–11.) Accordingly, the court considers Plaintiff's EEOC charge of discrimination.

The Eleventh Circuit has recognized that "strict compliance with Title VII['s exhaustion requirement] is unnecessary" "where the plaintiff has filed a charge with the EEOC, but in her judicial action the plaintiff raises related issues as to which no filing has been made." *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989). The court has explained: "As long as allegations in the judicial complaint and proof are 'reasonably related' to charges in the administrative filing and 'no material differences' between them exist, the court will entertain them." (*Id.* at 1547 (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir. 1980)).

Here, Plaintiff's retaliation allegation, (Dkt. 12 ¶¶ 49–51), is reasonably related and not materially different from the allegations in her EEOC charge (Dkt. 1–3 at 6). *See Gregory*, 355 F.3d at 1280 (explaining that judicial claims that are "like or relate[] to, or [grow] out of, the allegations contained in [an] EEOC charge," are actionable). First, Plaintiff checked the boxes for retaliation, race, and national origin discrimination as the bases of her charge. (Dkt. 1–3 at 5.) Second, Plaintiff's claim of retaliation does not rely on new allegations but on the instances of discrimination described in her EEOC charge. (*Compare* Dkt. 1–3, *with* Dkt. 12 ¶¶ 4–20, 49–51.) Plaintiff alleges that her constructive demotion occurred after she expressed disappointment about not being selected for the worldwide bid manager position and complained about unfair and biased treatment. (Dkt. 12 ¶¶ 20, 50.) As "the scope of an EEOC complaint should not be strictly interpreted," the court determines that Plaintiff's retaliation claim is reasonably related to her charge of discrimination. *See Sanchez*, 431 F.2d at 465 (quotation omitted).

As to the merits of the retaliation claim, Defendant argues that Plaintiff fails to plausibly allege that she engaged in protected activity and that she suffered an adverse employment action. (Dkt. 18 at 16–18.) Defendant further argues that Plaintiff fails to show a causal link between her alleged protected activity and alleged adverse employment action. (*Id.* at 16–20.) Plaintiff responds that, at the pleading stage, she has alleged sufficient facts to demonstrate that she engaged in protected activity and experienced an adverse employment action that is not entirely unrelated to that activity. (Dkt. 19 at 14–15.) The court discusses protected activity, adverse action, and causation in turn.

Defendant maintains Plaintiff conclusorily alleges that she engaged in protected activity when she complained to management about unfair and biased treatment. (Dkt. 18 at 16–17.) However, construing Plaintiff's allegations in the light most favorable to her, Plaintiff sufficiently alleges she engaged in protected activity at this stage. *See Rollins v. Fla. Dep't of Law Enf't,* 868 F.2d 397, 400 (11th Cir. 1989) ("[T]he protection afforded by [the FCRA] is not limited to individuals who have filed formal complaints, but extends as well to those . . . who informally voice complaints to their superiors or who use their employers' internal grievance procedures."); *Walton–Horton v. Hyundai of Ala.*, 402 F. App'x 405, 408 (11th Cir. 2010) ("Statutorily protected expression includes internal complaints of discrimination to superiors, complaints lodged with the Equal Employment Opportunity Commission, and discrimination-based lawsuits.").

With respect to adverse action, construing Plaintiff's allegations in the light most favorable to her, Plaintiff sufficiently alleged an adverse employment action at this stage. *Cf. Robertson v. Ala. Dep't of Econ. & Cmty Affs.*, 902 F. Supp. 1473, 1481 (M.D. Ala. 1995) (holding that a plaintiff who went from having subordinates to no subordinates in her new position sufficiently established an adverse employment action).

Regarding causation, "a plaintiff making a retaliation claim must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Southwestern Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013); *see also Palm Beach Cnty. Sch. Bd. v. Wright*, 217 So. 3d 163, 165 (Fla. Dist. Ct. App. 2017) ("The FCRA must be given the same construction as Title VII post-*Nassar*."). Plaintiff alleges that "[a]fter she complained about unfair and biased treatment, she was assigned to a position that was a constructive demotion." (Dkt. 12 ¶ 51.) Plaintiff's allegations suggest a chronological relationship but fail to sufficiently allege that her protected activity was a but-for cause of her constructive demotion. *See Ounjian v. Globoforce, Inc.*, 89 F.4th 852, 860 (11th Cir. 2023) (dismissing retaliation claim under the Federal Private Whistleblower Act where defendant "engaged in the practices that prompted [the plaintiff's] resignation *despite* his objections, not *because* of them"). Given this pleading deficiency, Defendant's motion is granted as to count seven.

## CONCLUSION

Accordingly, it is **ORDERED**:

1.  Defendant's Motion to Dismiss (Dkt. 18) is **GRANTED in part** and **DENIED in part**.

2.  The motion is **GRANTED** insofar as counts two, four, five, six, and seven of Plaintiff's amended complaint (Dkt. 12 ¶¶ 26–29, 37–51) are **DISMISSED without prejudice**. The motion is otherwise **DENIED**.

3.  If Plaintiff can do so in good faith, she may file a second amended complaint **on or before August 29, 2025**, correcting the deficiencies identified in this order.

4.  The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff.

    **ORDERED** in Orlando, Florida, on August 8, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Yolanda Butler
7521 Solstice Circle, Apt. 408, Orlando, FL 32821.